LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM GALDAMEZ,

                          Plaintiff,

                                                                     **COMPLAINT**

   -against-

DAVE MURRAY CONSTRUCTION & DESIGN, INC.
d/b/a MURRAY DESIGN & BUILD and
DAVE MURRAY, Individually,

                          Defendant.
------------------------------------------------------------------------X

      Plaintiff, WILLIAM GALDAMEZ ("Plaintiff"), by and through his counsel, the Law Office of Peter A. Romero, PLLC and the Law Office of Delvis Melendez, P.C., complaining of the Defendants, DAVE MURRAY CONSTRUCTION & DESIGN, INC. d/b/a MURRAY DESIGN & BUILD and DAVE MURRAY, Individually, (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

      1.    Defendants failed to pay Plaintiff premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

5. Defendants do business in the State of New York, within the Eastern District of New York.

## THE PARTIES

6. The Plaintiff, WILLIAM GALDAMEZ ("Plaintiff"), is a resident of the County of Suffolk, State of New York.

7. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8. Plaintiff was employed by the defendants as a manual laborer.

9. Defendant, DAVE MURRAY CONSTRUCTION & DESIGN, INC. ("MURRAY DESIGN & BUILD"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

10. At all times relevant, Defendant, MURRAY DESIGN & BUILD, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11. At all relevant times, Defendant, MURRAY DESIGN & BUILD, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in construction and used goods, equipment and other materials, such as building materials, tools and equipment, much of which originated in states other than New York.

12. At all times relevant, Defendant, DAVE MURRAY ("MURRAY"), owned and/or operated the defendant corporate entity, was a shareholder and/or officer of the defendant corporation, had authority to make payroll and personnel decisions for the defendant corporation, and was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

13. Defendant MURRAY, is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

**FACTS**

14. Defendants are engaged in the construction business.

15. Plaintiff worked as manual laborer for Defendants from in or about September 2014 until on or about July 2017.

16. Plaintiff regularly worked in excess of forty hours per week. During the busy months, Plaintiff regularly worked Monday through Friday, and sometimes Saturday. He began work each morning at approximately 7:00 a.m. The time that Plaintiff finished work each day varied from day to day. Plaintiff worked most days until at least 5:00 p.m., and often did not finish until after 5:00 p.m. Plaintiff worked more than forty hours in most workweeks in which he was employed by the Defendants.

17. The Defendants paid Plaintiff a fixed, daily rate that ranged from $80.00 at the beginning of his employment to $130.00 at the end of his employment. Plaintiff's weekly wages were determined by the number of days he worked weekly, regardless of the actual number of

hours that Plaintiff worked each week. As a result, Plaintiff was not paid premium overtime compensation for hours worked after 40 hours per week.

18. Defendants willfully failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

19. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

20. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law §195(1) and the Wage Theft Prevention Act ("WTPA").

21. Defendants failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law §195(3) and the WTPA.

22. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

23. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

24. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay Plaintiff premium overtime compensation for the hours worked in excess of forty (40) hours per week in violation of the FLSA.

25. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

26. As a result of defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff premium overtime compensation for the hours worked in excess of forty (40) hours per week in violation of New York Labor Law.

29. By defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

30. Due to defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### FOR VIOLATION OF NEW YORK LABOR LAW SECTION 195

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Defendants failed to provide Plaintiff with written notice upon hire setting forth his regular rate of pay; overtime rate of pay; the basis of his rate of pay; the employee's regular pay

day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the Labor Law and the WTPA.

33. Due to defendant's failure to provide Plaintiff with the notice required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages.

## FOURTH CLAIM FOR RELIEF
## FOR VIOLATION OF NEW YORK LABOR LAW SECTION 195

34. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Defendants failed to provide Plaintiff with an accurate statement indicating the number of hours worked and wages paid with each payment of wages as required by Section 195(3) of the Labor Law and the WTPA.

36. Due to defendant's failure to provide Plaintiff with the wage statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii) Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv) Damages pursuant to New York State Labor Law §198;

(v) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
May 23, 2018

LAW OFFICE OF PETER A. ROMERO PLLC

By: _/s_____

Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorney for Plaintiff*

LAW OFFICE OF DELVIS MELENDEZ, P.C.

By: _/s_____

Delvis Melendez, Esq.
90 Bradley Street
Brentwood, New York 11717
(631) 434-1443

*Attorney for Plaintiff*